UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EXITEXCHANGE CORP., <br><br> Plaintiffs, <br><br> v. <br><br> WZ COMMUNICATIONS, INC., <br><br> Defendant. | CIVIL ACTION NO. <br> 2:13-cv-00403-JRG |

**DEFENDANT WZ COMMUNICATIONS, INC.'S
MOTION TO DISMISS
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

Defendant WZ Communications, Inc. ("Defendant") hereby moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the patent infringement Complaint filed against it in this action by Plaintiff ExitExchange Corp. ("Plaintiff"). Plaintiff's threadbare allegations of infringement under 35 U.S.C. §§ 271 are based on boilerplate legal conclusions with no supporting facts. These allegations do not satisfy the applicable pleading standards and should therefore be dismissed. In addition, there are no facts that could support any theory of liability on the Defendant, because the Defendant is an Internet hosting and service provider (which the Plaintiff freely admits in the Complaint) and does not in any way directly or indirectly infringe the patent because Defendant does not operate and is not responsible for the accused websites.

**<u>BACKGROUND</u>**

Plaintiff filed the Complaint in this action on May 10, 2013. The Complaint fails to adequately allege that the Defendant directly infringes, infringed by inducement, contributorily

1

infringes or willfully infringes U.S. Patent No. 7,353,229 (the "'229 Patent"). The '229 Patent allegedly "covers systems and methods for providing a type of Internet advertisement commonly known as pop-under advertisements." Complaint, ¶ 9. The Complaint does not identify which of the twenty-two claims of the '229 Patent are allegedly infringed.

The following are the sum total of "factual" allegations of infringement:

For direct infringement under 35 U.S.C. § 271(a), Plaintiff alleges that Defendant infringes "by or through making, having made, using, importing, providing, supplying, distributing, selling and/or offering for sale servers running systems or methods, which are used for pop-under advertisement, carried out on Defendant's servers including those servers used in conjunction with Defendant's hosting solutions/products." Complaint, ¶ 10.

For induced and contributory infringement, Plaintiff alleges that "Defendant induces infringement or contributes to the infringement of the '229 Patent by website publishers, ad servers, ad networks, advertisers, and/or viewers of the advertisements, with knowledge that its acts are infringing. Such systems and methods have no substantially non-infringing use. Defendant engages in such inducement knowingly, and, at least from the time of receipt of the present Complaint, has done so with knowledge that such activity encourages publishers, ad servers, ad networks, advertisers and/or viewers to directly infringe the '229 patent." Complaint, ¶ 12.

The Complaint does not include any other factual allegations regarding infringement, such as facts that would support Plaintiff's statements concerning Defendant's knowledge of the patent or intent to encourage third party infringement, or provide any other information regarding the allegedly infringing component that gives rise to the contributory infringement claim.

With respect to Defendant's specific role in the alleged infringement, the Complaint merely alleges that "Defendant hosts a website http://www.videosexarchive.com/index.php?video=413762, which will open in a web browser." Complaint, ¶ 11.  There is no factual support or factual allegations to support Plaintiff's conclusory allegation that Defendant owns, manages or controls the referenced website (which, in fact, it does not).

In 2010, Plaintiff filed a complaint against 14 diverse defendants concerning a different patent that also allegedly covered pop-under advertisements.  The Court considered Plaintiff's allegations in that case, allegations that are very similar to those here, and determined that in that case the "Complaint is insufficient under the applicable law." *ExitExchange Corp. v. Casale Media Inc.*, Case No. 2:10-cv-297-TJW, Docket No. 267 at 1 (E.D. Tex. Sept. 12, 2011) (Ward J.).  A comparison of the previous complaint and the Complaint in this case shows that ExitExchange did little to rectify the inadequacies of its pleadings in this case despite the Court's prior determination.

The simple explanation of the matter is such: Defendant provides general Internet hosting products and solutions to hundreds of clients.  These clients use Defendant's general-purpose servers to serve their websites (whether they be simple static websites, streaming video websites, social networking websites or merchant websites) to individuals throughout the world.  Plaintiff has alleged that by providing such staple products and services, Defendant is infringing Plaintiff's patent because one of Defendant's clients has used pop-under advertisements on its website.  Plaintiff's allegation is as misplaced as alleging infringement against the processor manufacturer for supplying the processors used in the servers – or the electricity company for powering the servers.  Therefore, Plaintiff's Complaint should be dismissed because not only are

3

the allegations insufficient under applicable law, Plaintiff could not reasonably allege any facts to support a finding of infringement.

## ARGUMENT

A. **Standard of Review**

The Central issue on a motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *Does v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state an actionable claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In addition, a court is not required to accept as true legal conclusions "couched as factual allegation[s]."  *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (a complaint must allege "more than labels and conclusions").  Further, the factual allegations in the complaint must state a claim that is "plausible on its face" in order to survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678; *see also Clear With Computers LLC v. Berhdorf Goodman, Inc.*, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010).  Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 663-64.

B. **Plaintiff's Direct Infringement Claim Should Be Dismissed Because Defendant Does Not Perform All the Steps Necessary to Qualify For Infringement**

As an initial matter, there is a strong basis for questioning the validity of the '229 Patent and whether it is being infringed whatsoever.  However, even if for the purposes of this Motion to Dismiss it is assumed *arguendo* that the use of pop-under advertisements by the website referenced in the Complaint is infringement of a valid claim of the '229 Patent, Defendant is not liable as a direct infringer because Defendant does not perform all the steps necessary to qualify for infringement.

1.  *Plaintiff Has Not Alleged Facts Sufficient To Allow a Reasonable Inference That Defendant Has Performed All the Necessary Steps of the Patent*

The Federal Circuit has held that "for a party to be liable for direct patent infringement under Section 271(a) of the Patent Act, that party must commit all the acts necessary to infringe the patent, either personally or vicariously." *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307 (Fed. Cir. 2012) (citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) and *Fromson v. Advance Offset Plate, Inc.*, 720 F.2d 1565, 1568 (Fed. Cir. 1983)). Therefore, to survive a Motion to Dismiss, a complaint for direct infringement must allege that the defendant has itself performed all the steps of the patent claim. *See Desenberg v. Google, Inc.*, 392 F. App'x 868, 870-71 (Fed. Cir. 2010) (affirming district court's holding that complaint "did not state a claim on which infringement could be found" because of "finding that the defendant Google does not itself perform all of the steps of the claim"); *see also Pragmatus AV, LLC v. TangoMe, Inc.*, 2013 WL 571798 (D. Del. Feb. 13, 2013) ("[F]or a claim of joint infringement, in addition to satisfying the requirements of Form 18, a plaintiff must also plead facts sufficient to allow a reasonable inference that one party exercises the requisite 'direction or control,' such that performance of every step is attributable to the controlling party.").

Direct liability cannot arise where the defendant provides a device which the defendant's users independently use in an infringing manner. *Fromson*, 720 F.2d at 1568 ("Because the claims include the application of a diazo coating or other light sensitive layer and because Advance's customers, not Advance, applied the diazo coating, Advance cannot be liable for direct infringement with respect to those plates . . . ."). The *Akamai* opinion explained the concept in further depth: "In the context of a method claim, that means the accused infringer must perform all the steps of the claimed method, either personally or through another acting

5

under his direction or control.  Direct infringement has not been extended to cases in which multiple independent parties perform the steps of the method claim." *Akamai*, 692 F.3d at1307 (Fed. Cir. 2012).

2. *Plaintiff Cannot Plausibly Allege That Defendant Has Performed All the Steps of the Patent*

In the instant cases, Plaintiff has alleged that Defendant has directly infringed the '229 patent because Defendant provides an Internet service and Internet connection to a third-party website which runs allegedly infringing software.  Plaintiff does not allege that Defendant owns, manages or controls this third-party website.  Plaintiff only alleges that Defendant provides hosting solutions/products "which are used for pop-under advertisements" by the independent third-party website.  Complaint, ¶¶ 10-11.  But for the actions of the third-party website, there is no infringement whatsoever.  Plaintiff has not alleged, and Defendant in fact does not, itself place or run the software on the servers which results in the pop-under advertisements that allegedly infringe the '229 Patent.  Moreover, Plaintiff does not allege that the independent third-party websites are acting vicariously for Defendant.  Therefore, there is no basis for Plaintiff's allegation that Defendant has directly infringed the '229 Patent.

In *Unitronics (1989) (RG) Ltd. v. Gharb*, 318 F. App'x 902 (Fed. Cir. 2008), the Federal Circuit was asked to consider whether Unitronics, a manufacturer of general-purpose programmable logic controllers ("PLCs"), was liable for patent infringement because its PLCs could communicate using the mobile "GSM" standard.  Gharb, the plaintiff, owned a patent that claimed a system which integrated multiple such PLCs with additional software and systems not produced by Unitronics.

The Federal Circuit explained that "Gharb appears to believe that any PLC that is able to communicate over the GSM network infringes his patent, because part of his patent discloses

6

PLCs communicating over GSM." *Id*. at 904.  However, the court denied Gharb's argument and affirmed the district court's judgment because "it was not enough for Gharb to prove that Unitronics sold PLCs that could communicate over GSM. To prove infringement, he was required to show that Unitronics's devices met all of the limitations of the claim." *Id.* at 905.

Under the unambiguous holdings of the Federal Circuit in *Akamai*, *Fromson* and *Unitronics*, there is no basis whatsoever for Plaintiff's allegation that Defendant has directly infringed the '229 patent.  Defendant did not perform all the steps necessary to constitute direct infringement and, if any infringement has taken place (which Defendant denies).  Rather, the allegedly infringing activities were performed by wholly independent third parties not acting on behalf of Defendant.  Because Plaintiff has not alleged, and cannot allege, that Defendant has performed all the necessary steps, its claim for direct infringement should be dismissed.

C. **Plaintiff's Contributory Infringement Claim Should Be Dismissed Because Plaintiff Has Not Sufficiently Alleged Knowledge or Intent and Defendant Provides Products and Services That Are Staple Articles Suitable For Substantial Noninfringing Uses and Which Are Not Especially Adapted for Use In Infringement**

    1. *Plaintiff Has Not Alleged Facts Plausibly Showing That Defendant Had the Requisite Knowledge or Intent*

In an action for contributory infringement, the plaintiff must allege facts plausibly showing that the defendant had knowledge of the relevant patent and knowledge that its actions are contributing to a third party's direct infringement.  *See Global-Tech Applications, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011).  Without such supporting factual allegations, claims for contributory infringement must be dismissed.  *See Clear With Computers*, 2010 WL 3155888, at *4 (dismissing indirect infringement claim for lack of specificity); *see also Chalumeau Power Sys. LLC v. Alcatel-Lucent et al.*, No. 1:11-CV-01175-RGA, Dkt. No. 50 at 2 (D. Del. July 18, 2012) ("It is true that the Plaintiff alleges actual knowledge and specific intent that others

7

infringe, but there are only insufficient factual assertions to assert the legal conclusion of actual knowledge, and no factual assertions to support the legal conclusion of specific intent."); *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, 2012 WL 398688, at *2 (W.D. Wash. Feb. 7, 2012) (dismissing indirect infringement claim as based on "mere labels and conclusion" without underlying facts showing "knowledge of patents or a specific intent to induce infringement.").

For example, in *Clear With Computers*, this Court dismissed the plaintiff's claim for indirect infringement where, "[t]aken as whole, [the plaintiff's] indirect infringement allegations – which fail to identify which claims are indirectly infringed, fail to identify which methods or systems directly infringe, and fail to identify a direct infringer in reference to its indirect infringement claims – does not state a claim for indirect infringement that is plausible on its face." 2010 WL 3155888 at *4. As the Court went on to explain, "[t]he complaint simply fails to inform Defendants as to what they must defend." *Id.*; *see also i2 Tech. Inc. v. Oracle Corp.*, 2010 WL 8669837 at *3 (E.D. Tex. Mar. 29, 2010); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 2012 U.S. Dist. LEXIS 142809 at *3 (D. Del. July 18, 2012) ("The Connection between the moving Defendants and the patent applications from nearly a decade ago are not explained sufficiently to make plausible that either of the Defendants had actual knowledge. . . . In any event, even if actual knowledge were deemed to be sufficiently alleged, there is no factual basis at all to conclude that the Defendants knew that the actions of others who obtained the [accused device] constituted infringement.").

The Supreme Court has explained that there is a practical significance in requiring more than threadbare allegations in a complaint – it is to provide judicial protection from the needless infliction of the massive costs of discovery on defendants. On that basis, the Supreme Court has held that a complaint must allege something more than a "mere possibility" of harm, so as to

prevent a plaintiff with a "largely groundless claim" from "'tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly*, 550 U.S. at 557-58 (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)). Court enforcement of pleading requirements through Federal Rule of Civil Procedure 12(b)(6) curtails this risk by weeding out complaints that fail to give rise to even a plausible inference of harm to the plaintiff by the defendant.[1]

    2.    *Plaintiff Cannot Plausibly Allege That Defendant's Products and Services Are Especially Adapted for Infringement and That They Do Not Constitute Staple Articles Suitable for Substantial Noninfringing Use*

In addition, Plaintiff's contributory infringement claim fails on the separate and independent basis that it does not and cannot plausibly allege any facts to satisfy the four factors necessary for a finding of contributory infringement under Section 271(c) of the Patent Act.[2] The courts have interpreted Section 271(c) to require the plaintiff to establish four factors: "(1) that defendants sold a material to be used in a patented process; (2) that said material constituted a material part of the patented process; (3) that defendants knew the material to be especially adapted for use in the infringement of such patent; and (4) that the material did not constitute a staple article suitable for substantial noninfringing use." *Sing v. Culture Products, Inc.*, 469 F. Supp. 1249, 1255 (E.D. Mo. 1979) (citing *Aro Manufacturing Co., Inc. v. Convertible Top Replacement Co.*, 377 U.S. 476 (1964)).

Even assuming *arguendo* that the first two factors are satisfied (which Defendant expressly denies), judicial precedent has made it clear that where the defendant does not provide

---

[1] In accordance with Plaintiff's pre-filing obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Plaintiff should have compiled more information than is required pursuant to Rule 8. *See*, *e.g.*, *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1302-04 (Fed. Cir. 2004) (holding that Rule 11 requires a "good faith, informed comparison of the claims of a patent against the accused subject matter").

[2] Section 271(c) holds liable any party that sells a device used in an infringing manner "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use."

a product or service that is specially geared towards infringement or provides a product or service that has substantial noninfringing uses, there can be no contributory infringement. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932-33 (2005) ("[T]he [traditional staple article of commerce] doctrine absolves the equivocal conduct of selling an item with substantial lawful as well as unlawful uses, and limits liability to instances of more acute fault than the mere understanding that some of one's products will be misused."); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984) ("[A] sale of an article which though adapted to an infringing use is also adapted to other and lawful uses, is not enough to make the seller a contributory infringer.").

The Unitronics case is illuminating in the context of contributory infringement as well. The district court opinion in that case considered whether Unitronics could be liable for contributory infringement when it sold PLCs that could be used by third parties to build an infringing device. *Unitronics (1989) (RG) Ltd. v. Gharb*, 511 F. Supp. 2d 123, 135 (D.D.C. 2007). The district court determined that there was undeniable evidence that PLCs "are staple articles of commerce that are used for substantial noninfringing uses." *Id.* The district court then quoted at length the Supreme Court's admonition in *Carbice Corp. of America v. American Patents Dev. Corp.*:

> The limited monopoly to make, use and vend an article may not be expanded by limitations as to materials and supplies necessary to the operation of it. . . . If a monopoly could be so expanded, the owner of a patent for a product might conceivably monopolize the commerce in a large part of unpatented materials used in its manufacture. . . . [The] courts deny relief against those who disregard the limitations sought to be imposed by the patentee beyond the legitimate scope of its monopoly.

283 U.S. 27, 31-32 (1931).

Plaintiff has alleged no facts pursuant to which the second two factors can be satisfied. On the other hand, Plaintiff has alleged that Defendant provides "hosting solutions/products" for use by a wide range of "website publishers, ad servers, ad networks, advertisers and/or viewers," only one of which it has alleged engages in infringement. Complaint, ¶¶ 10-12. Even by the plain words of the Complaint, it is clear that Defendant's hosting solutions and products are not "especially adapted" for any particular purpose, and certainly not especially adapted for pop-under advertisements.

The fact of the matter clear to anyone with an understanding of even the most basic aspects of Internet technology[3] is that Defendant offers staple articles and services suitable for substantial noninfringing uses. Therefore, unless Plaintiff intends to allege that the entire backend of the Internet has no substantial noninfringing use, there is no plausible basis for its claim of contributory infringement.

Plaintiff has not alleged sufficient factual assertions to assert the legal conclusion of actual knowledge and no factual assertions to support the legal conclusion of specific intent. Moreover, Plaintiff has admitted in the Complaint that Defendant provides products and services which are staple articles suitable for substantial noninfringing uses and which are not especially adapted for use in the infringement of the asserted patent. Therefore, Plaintiff's claim for contributory infringement should be dismissed.

D.   **Plaintiff's Inducement of Infringement Claim Should Be Dismissed Because Plaintiff Has Not Sufficiently Alleged Knowledge or Intent**

Similar to a claim for contributory infringement, to state a claim for induced infringement, a complaint must allege facts showing that the defendant had knowledge of the

---

[3] Given that the Plaintiff owns a patent based on Internet technology, it is likely safe to assume that Plaintiff has far more than a basic understanding of Internet technology.

relevant patent and knowledge that its actions are inducing a third party's direct infringement. *See Global-Tech Applications, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011). The Federal Circuit has explained more specifically that "[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (quoting *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002) (citations and quotation marks omitted)).

Assuming *arguendo* that there has been direct infringement (which Defendant denies), Plaintiff has alleged no plausible factual evidence, either direct or circumstantial, that Defendant knowingly induced infringement or that Defendant possessed the specific intent to encourage infringement by a third-party. Plaintiff's allegation that Defendant has knowingly engaged in inducement "at least from the time of receipt of the present Complaint" is wholly inadequate. *See Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003) ("[T]hat defendant have 'knowledge of the acts alleged to constitute infringement' is not enough." (quoting *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed. Cir. 1990))). "[P]roof of actual intent to cause the acts which constitute the infringement is a necessary prerequisite to finding active inducement." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990).

Once again, the threadbare allegations of the Complaint are insufficient. *See Clear With Computers*, 2010 WL 3155888, at *4 (dismissing indirect infringement claim for lack of specificity); *see also Chalumeau Power Sys. LLC v. Alcatel-Lucent et al.*, No. 1:11-CV-01175-RGA, Dkt. No. 50 at 2 (D. Del. July 18, 2012) ("It is true that the Plaintiff alleges actual

12

knowledge and specific intent that others infringe, but there are only insufficient factual assertions to assert the legal conclusion of actual knowledge, and no factual assertions to support the legal conclusion of specific intent."); *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, 2012 WL 398688, at *2 (W.D. Wash. Feb. 7, 2012) (dismissing indirect infringement claim as based on "mere labels and conclusion" without underlying facts showing "knowledge of patents or a specific intent to induce infringement.").

The Complaint does not allege sufficient facts to state plausible claims for induced infringement to adequately inform Defendant as to what it must defend. The claims are based on a formulaic recitation of elements without any supporting facts. This is mostly likely because, as detailed above, there are no facts which could support Plaintiff's allegations. Most notably, the Complaint does not allege *any* facts regarding the Defendant's knowledge of the '229 Patent, knowledge of direct infringement by third parties, or specific intent to cause third party direct infringement. The Complaint's only statement regarding knowledge related to Defendant's knowledge as of the filing of the Complaint. Such post-suit knowledge cannot be the basis for any contributory or inducement claim predating the Complaint. The Court cannot "bootstrap the knowledge Defendant[] *now* [has] based on Plaintiff's filing of the Complaint onto defendant's acts *before* Plaintiff filed its complaint." *Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680 at *5 (C.D. Cal. May 16, 2012). As the district court in *Unitronics* stated, "[n]o reasonable juror could conclude that Unitronics has induced others to infringe the [patent], much less that Unitronics had the specific intent to do so." *Unitronics*, 511 F. Supp. 2d at 134.

Because Plaintiff has not alleged sufficient factual assertions to assert the legal conclusion of actual knowledge and no factual assertions to support the legal conclusion of specific intent, Plaintiff's claim for induced infringement should be dismissed.

### E.   Plaintiff's Claim for Willful Infringement Should Be Dismissed

Plaintiff's Complaint fails to allege plausible ground for relief for willful infringement. Concerning willful infringement, the Complaint contains only the following conclusory allegation:

> Upon information and belief, at least since the time of service of this complaint, Defendant's acts of infringement have been, and continue to be committed with full knowledge of Plaintiff's rights in the '229 Patent, and in willful and wanton disregard of Plaintiff's rights, rendering this an exceptional case under 35 U.S.C. § 285.

Complaint, ¶ 16.  This allegation provides nothing more than "labels and conclusions" regarding willfulness, with no facts alleged in support, which "will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

"The Federal Circuit has instructed that under ordinary circumstances, willfulness will largely depend on an infringer's pre-litigation conduct."  *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 545 (E.D. Tex. 2010) (*citing In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir 2007) (en banc)).  Therefore, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement."  *Seagate*, 497 F.3d at 1374.  This court has also read the *Seagate* opinion to specifically require that a patentee meet the requirements of Federal Rules 8(a) and 11(b) at the time the original complaint is filed.  *Realtime Data, LLC*, 721 F. Supp. 2d at 545.  Accordingly if Plaintiff had a good faith factual basis for its claim of willfulness, it was required to allege it in sufficient detail to notify Defendant of the claim against which it must defend.

To establish willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *Seagate*, 497 F.3d at 1371.  Additionally, once this threshold

14

objection standard is satisfied, "the patentee must also demonstrate that this objectively defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id.*

Plaintiff's conclusory allegations regarding willfulness fail to allege any facts in support of its allegation that Defendant "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id*. On the contrary, Plaintiff admits that Defendant provides "hosting solutions/products" for use by a wide range of "website publishers, ad servers, ad networks, advertisers and/or viewers." Complaint, ¶ 10, 12. This is because Plaintiff offers staple and ubiquitous services and products which are part of the backbone of the Internet and which have substantial noninfringing uses.

Plaintiff also failed to allege any facts in support of any allegation that such an "objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371. Therefore, Plaintiff has not alleged enough facts to state a claim for willful infringement "that is plausible on its face." *Twombly*, 550 U.S. at 570. One the basis of the foregoing, Plaintiff's claim for willful infringement should be dismissed.

## CONCLUSION

Based on the foregoing and pursuant to Rule 12(b)(6), Defendant respectfully requests that the Court dismiss Plaintiff's claims against Defendant. Not only has Plaintiff failed to allege facts sufficient to state a claim against Defendant upon which relief can be granted, Plaintiff cannot plausibly allege facts sufficient to state a claim against Defendant upon which relief can be granted.

Dated: July 12, 2013                                  Respectfully submitted,

                                                      */s/ Andrew W. Stinson*

                                                      Valentin Gurvits (*pro hac vice* pending)
                                                      Matthew Shayefar (*pro hac vice* pending)
                                                      Boston Law Group, PC
                                                      825 Beacon Street, Suite 20
                                                      Newton Centre, Massachusetts 02459
                                                      Tel:    (617) 928-1800
                                                      Fax:    (617) 928-1802
                                                      vgurvits@bostonlawgroup.com
                                                      matt@bostonlawgroup.com

                                                      Andrew W. Stinson
                                                      State Bar no. 24028013
                                                      Ramey & Flock, P.C.
                                                      100 East Ferguson, Suite 500
                                                      Tyler, Texas 75702
                                                      Tel: (903) 597-3301
                                                      Fax: (903) 597-2413
                                                      astinson@rameyflock.com

                                                      ATTORNEYS FOR DEFENDANT
                                                      WZ COMMUNICATIONS, INC.


## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 12, 2013 a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


                                                      */s/ Andrew W. Stinson*
                                                      Andrew W. Stinson