IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EXITEXCHANGE CORP. a Texas corporation | § § | |
| *Plaintiff,* | § § | |
| vs. | § | Case No. 2:13-cv-00403-JRG |
| | § | |
| WZ COMMUNICATIONS, INC. | § | **JURY TRIAL DEMANDED** |
| *Defendant.* | § | |

**PLAINTIFF EXITEXCHANGE'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| **I.** | INTRODUCTION. | 1 |
| **II.** | THE APPLICABLE LAW | 1 |
| **III.** | EXITEXCHANGE'S COMPLAINT SHOULD NOT BE DISMISSED. | 2 |
| **IV.** | CONCLUSION. | 8 |

I.  INTRODUCTION

This matter comes before the Court on the motion of Defendant WZ Communications, Inc. (hereinafter "Defendant") to dismiss the Complaint of Plaintiff ExitExchange Corp. (hereinafter "ExitExchange").  For the reasons set forth below, ExitExchange respectfully submits the motion should be denied.

II.  THE APPLICABLE LAW

Regional circuit law applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6). See *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, 2012 U.S. Dist. LEXIS 129979 (E.D. Tex. Sept. 11, 2012); and *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069 (Fed. Cir. 2009). A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir. La. 1982).

This Court has stated:

> A court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012).  The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

*TQP Development, LLC., v. Intuit Inc.*, E.D. Tex. Case No. 2:12-CV-180-JRG-RSP, Docket No. 48., (2013).

Further, under Fed. R. Civ. P. 8(a)(2), a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint is merely required to articulate allegations sufficient to show that the complainant is plausibly entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007) ("[W]e do not

1 - PLAINTIFF EXITEXCHANGE'S RESPONSE
TO DEFENDANTS' MOTION TO DISMISS

require heightened fact pleadings of specifics, but only enough facts to state a claim to relief that is plausible on its face."). In deciding whether a complaint states a plausible claim for relief is a context-specific task that requires this Court "to draw on its judicial experience and common sense." *See Ashcroft v. Iqbal*, at 663-664.

### III. EXITEXCHANGE'S COMPLAINT SHOULD NOT BE DISMISSED

To state a claim of patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *See McZeal*, 501 F.3d 1354, 1357 (Fed. Cir. (S.D. Tex.) 2007) (citing *Twombly*, 550 U.S. at 565 n.10). To that end, the Federal Rules of Civil Procedure provide specific guidance for pleading in patent infringement actions. Fed. R. Civ. P. 84 provides forms in an appendix that give examples of correct and sufficient pleadings. In patent infringement actions, Fed. R. Civ. P., Form 18 provides an example of a proper and sufficient patent infringement complaint.

Defendant has not discussed nor shown that the pleading guidelines set forth in Form 18 for patent infringement were not met by ExitExchange, and as such, the Complaint is sufficient. In fact, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face. *See Bartholet v. Reishauer A.G.*, 953 F.2d 1073 (7th Cir. Ill. 1992) ("Fed. R. Civ. P. 8(a) says that complaint must identify the basis of jurisdiction and contain a short and plain statement of the claim showing that the pleader is entitled to relief. Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Federal Rules of Civil Procedure requires this. To the contrary, the rules discourage it. Complaints should be short and simple, giving the adversary notice while leaving the rest to further documents."); See also *Norfolk S. Ry. v. Trinity Indus., Inc.*, 2008 U.S. Dist. LEXIS 110274 (N.D. Tex., Sept. 2, 2008) (citing and quoting *Bartholet v. Reishauer A.G.*, 953

F.2d 1073 (7th Cir. Ill. 1992)). *Unitronics (1989) (RG) Ltd. v. Gharb*, 318 F. Appx. 902 (Fed. Cir. 2008), cited by Defendant, is not inopposite.

The Federal Circuit summarized the requirements of the Form 18 complaint in *In re Bill of Lading Transmission and Processing System*, 681 F.3d 1323, 1334 (Fed. Cir. 2012), which requirements ExitExchange has met.

| Fed. R. Civ. P. Form 18 Requirement | ExitExchange's Complaint |
|---|---|
| An allegation of jurisdiction | The Court has original jurisdiction over this patent infringement action under 28 US.C. § 1338(a). (¶2) |
| A statement that the plaintiff owns the patent | Plaintiff ExitExchange Corp. ("ExitExchange") owns the inventions described and claimed in United States Patent No. 7,353,229 B2 entitled "Post-Session Internet Advertising System" (the "'229 Patent"). (¶1) |
| A statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent', and the defendant will continue to do so unless enjoined by this court. | Defendant infringes the '229 Patent by using the systems and methods claimed in the '229 Patent to make, use, sell, or offer to sell pop-under advertisements. (¶11)<br><br>Defendant has infringed the '229 patent, and unless enjoined, will continue to do so by using systems and methods of making pop-under advertisements that infringe the claims of the '229 Patent.  (¶12)<br><br>In the alternative, Defendant induces infringement or contributes to the infringement of the '229 Patent by website publishers, ad servers, ad networks, advertisers, and/or viewers of the advertisements, with knowledge that its acts are infringing. Use of such systems and methods has no substantially non-infringing use. (¶12)<br><br>Defendant engages in such inducement knowingly and, at least from the time of receipt of the present Complaint, has done so with knowledge that such activity encourages publishers, ad servers, ad |

| | |
|---|---|
| | networks, advertisers, and/or viewers to directly infringe the '229 patent. (¶12) |
| The plaintiff has complied with the statutory requirement (if any) of placing a notice of the Patent on its products. | (ExitExchange has no statutory obligation to mark any products). |
| A demand for an injunction and damages. | WHEREFORE, Plaintiff prays for judgment as follows:<br>A. A decree preliminarily and permanently enjoining Defendant, its officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe the '229 patent;<br>B. Compensatory damages for Defendant's infringement of the '229 patent;<br>C. Treble the compensatory damages as a consequence of Defendant's willful infringement;<br>D. Costs of suit and attorneys' fees;<br>E. Pre-judgment interest;<br>F. For such other relief as justice requires.<br><br>(Prayer for relief, page 4-5) |

The Honorable Judge Davis of the Eastern District of Texas relied on Form 18 in his legal analysis of whether to dismiss the plaintiff's infringement contentions, stating:

> Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading for direct infringement claims.... Thus, a claim for direct infringement that complies with Form 18 will be sufficient to state a claim that is plausible on its face.

See *Klausner Technologies v. Oracle Corp.*, 6:11-cv-00556-LED, Dkt. No. 55 (2012).

As discussed below, the Complaint meets this standard. To the extent that it does not, under Fed. R. Civ. P. 15(a), ExitExchange must freely be granted leave to amend its complaint absent some justification for refusal.

4 - PLAINTIFF EXITEXCHANGE'S RESPONSE
TO DEFENDANTS' MOTION TO DISMISS

A.  **ExitExchange's Has Sufficiently Pled Defendant's Actions.**

Defendant argues that ExitExchange's complaint should be dismissed because no set of facts will entitle it to relief under the "single actor rule." Defendant further argue that ExitExchange must allege "control or direction" on the part of a single actor to establish a viable theory of joint infringement of its claims.

Where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises "control or direction" over the entire process such that every step is attributable to the controlling party, i.e., the "mastermind." *Muniauction, Inc. v. Thomson Corp.*, 5323 F.3d1318, 1329-30 (Fed. Cir. 2008) (citing *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373,1380–82 (Fed. Cir. 2007)). However, the '229 patent contains both method and apparatus claims, and use of such claimed apparatus may likewise be direct infringement. *Centillion Data Systems LLC v. Qwest Comm. Int'l*, 631 F.3d 1279, 1284 (2011).

ExitExchange submits, however, that under the precedent of this District, this motion is premature, and should not be considered prior to the Court deciding to construe the terms as requiring multiple actors. *See, e.g. Actus, LLC v. Bank of America Corp., et al*, 2:09-cv-102. In the *Actus* case, the Court considered this argument, and held:

> Defendants' reading of *BMC Resources* is erroneous. In *BMC Resources,* the Court had before it claims that were construed and fully—developed infringement theories when it considered a *motion for summary judgment.* Here, on the other hand, the Court has before it a *motion to dismiss* and claims that have not yet been construed. The pending motion asks the Court to simultaneously adopt a construction that the claims can only be performed by multiple actors—before the completion of claim construction discovery and without the benefit of thorough claim construction briefing—and then impose an excessively conservative pleading requirement on those claims.
>
> Defendants would have Plaintiff allege with specificity a theory of infringement for each element of the asserted claims. The Court does not require that plaintiffs in a patent

> infringement lawsuit attach fully-developed infringement contentions to its complaint. Defendant's motion to dismiss is premature and must be DENIED.

*Id.*

ExitExchange should not be required to crystallize its theory of infringement without having the benefit of discovery to aid it. The Court will be in a better position to consider whether ExitExchange has sufficient evidence should Defendants raise it in a motion for summary judgment.

    **B.    ExitExchange's Indirect Infringement Claims Are Sufficiently Pled.**

ExitExchange has provided sufficient allegations in its complaint to support a claim for indirect infringement.

In *InMotion v. Imation*, Case No. 2:12-cv-298, Dkt. No. 20, this Court denied a defendant's motion to dismiss indirect infringement allegations where the plaintiff did not give specifics of how the defendant might have plausibly obtained knowledge of the patent or was willfully blind to it.

As this Court noted, liability under induced infringement "requires knowledge that the induced acts constitute patent infringement," and the complaint "must contain facts plausibly showing that [the defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement;" however, these requirements do not mean that a plaintiff "must prove itself at the pleading stage." *InMotion* at 10 (citing *Global-Tech Appliances v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *In re Bill of Lading*, at 1339.

In this case, ExitExchange has alleged facts on which it may be reasonably inferred that Defendant had knowledge or was willfully blind and that it intended to have its customers infringe. ExitExchange alleged:

> In the alternative, Defendant induces infringement or contributes to the infringement of the '229 Patent by website **publishers, ad servers, ad networks, advertisers, and/or**

6  -  PLAINTIFF EXITEXCHANGE'S RESPONSE
TO DEFENDANTS' MOTION TO DISMISS

**viewers** of the advertisements, with knowledge that its acts are infringing. Use of such systems and methods has no substantially non-infringing use. (¶12)

Defendant engages in such inducement knowingly and, at least from the time of receipt of the present Complaint, has done so with knowledge that such activity encourages **publishers, ad servers, ad networks, advertisers, and/or viewers** to directly infringe the '229 patent. (¶12)

Dkt. 1 (emphasis added).

Additionally, ExitExchange will likely have additional evidentiary support after a reasonable opportunity for further discovery on this issue.

### C.   ExitExchange's Willfulness Claim Is Sufficiently Pled.

The Honorable Judge Davis of the Eastern District of Texas ruled that there is no "heightened pleading" requirement for willfulness.  See *Tracbeam v. AT&T, et al.*, 6:11-cv-00096-LED, Dkt. No. 196 (2012). In *Tracbeam*, the defendant argued that the plaintiff's willful infringement claim should be dismissed because the allegations in the plaintiff's pleading were insufficient to demonstrate that defendant acted despite an "objectively high likelihood its actions constituted infringement."  The Court disagreed, with Judge Davis quoting:

> "[A] patentee must have a good faith basis for alleging willful infringement." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

*Id.*

Willfulness is a fact-intensive issue that is difficult to resolve at the pleading stage, thus general allegations of willful infringement suffice.  Thus, assuming the truth of the allegations, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, at 1949 (*quoting Twombly*, at 1974). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged. The "plausibility" standard does not require proof of "probability." *Id*. Instead, ExitExchange's complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*, at 1965. Further, the pleading stage is not the proper point to provide conclusions based on factual allegations presented. "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, at 1969 n.8.

IV.   CONCLUSION

For the foregoing reasons, ExitExchange respectfully requests that the Court deny the Motion to Dismiss.

Respectfully submitted,

Dated:  July 26, 2013

By: /s/ Elizabeth L. DeRieux
Susan D. Pitchford
(*To Be Admitted Pro Hac Vice*)
Kevin L. Russell
(*To Be Admitted Pro Hac Vice*)
CHERNOFF VILHAUER LLP
601 SW Second Avenue
Suite 1600
Portland, OR 97204
Telephone: (503) 227-5631
Facsimile: (503) 278-4373
Email: sdp@chernofflaw.com
Email: Kevin@chernofflaw.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Jeffrey D. Rambin
State Bar No. 00791478
CAPSHAW DERIEUX, L.L.P.
114 E. Commerce Ave.

                                        Gladewater, Texas 75647
                                        Telephone: (903) 236-9800
                                        Facsimile: (903) 236-8787
                                        Email: ccapshaw@capshawlaw.com
                                        Email: ederieux@capshawlaw.com
                                        Email: jrambin@capshawlaw.com

                                        ATTORNEYS FOR PLAINTIFF
                                        EXITEXCHANGE, CORP.

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 26th day of July, 2013, with a copy of this document via electronic mail, facsimile transmission and/or first class mail on this same date.

                                          /s/ Elizabeth L. DeRieux