UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EXITEXCHANGE CORP.,<br><br>    Plaintiffs,<br><br>v.<br><br>WZ COMMUNICATIONS, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>2:13-cv-00403-JRG |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

Plaintiff's Response to Defendant's Motion to Dismiss fails to identify any facts in response to the pleading deficiencies raised by Defendant.  Rather, Plaintiff directs the Court to inapplicable legal conclusions and bare recitations of elements arguing that they alone are sufficient to support its allegations.  They are not.  Plaintiff's arguments are belied by the relevant case law, a defendant's right to fair notice of a plaintiff's allegations, and Plaintiff's own Complaint.  Plaintiff alleges that because Defendant offers general-purpose Internet servers, Defendant is liable for direct, induced, contributory and willful infringement when Defendant's users loaded infringing software on the servers.

Plaintiff contends that "[a] complaint is merely required to articulate *allegations* sufficient to show that the complainant is plausibly entitled to relief."  Opposition, p. 1 (emphasis added).  In fact, however, the Supreme Court has held that a plaintiff must allege "*facts* to state a claim of relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added).  Here, Plaintiff has failed to meet its burden to plead any facts in support of its allegations, except for factual allegations that contradict its legal conclusions.

A. **Defendant's Hosting Products and Services Do Not Embody the Patented Invention and Therefore Plaintiff's Direct Infringement Claim Should Be Dismissed**

Plaintiff's Response depends entirely upon its arguments that (a) its Complaint complies with Fed. R. Civ. P. Form 18 and (b) that the motion is premature, but fails in both respects.

Form 18 requires that a plaintiff plead a defendant "has infringed . . . by making, selling, and using [devices or processes] that <u>embody</u> the patented invention . . ." (emphasis added). However, it is undisputed that Defendant does not make, sell or use a device or product that embodies the patented invention.  To the contrary, as detailed in the Motion and below, Plaintiff has admitted that the alleged infringement occurs solely as a result of the "publishes, ad servers,

ad networks, advertisers, and/or viewers" that use the Defendant's hosting solutions and products.  Therefore, Plaintiff has alleged facts that are contrary to the requirements of Form 18.

Second, Plaintiff relies on the holding in *Actus, LLC v. Bank of America Corp*, Case No. 2-09-cv-102, 2010 WL 547183 (E.D. Tex. Feb. 10, 2010) for its assertion that Defendant's motion is premature.  However, the *Actus* decision was based upon the Court's finding that, in order to grant the motion to dismiss, it would first need to "adopt a construction that the claims can only be performed by multiple actors." *Id.* at *2.  In that case, the Court declined to do so without the guidance of claim construction discovery and briefing.

However, claim construction discovery and briefing would be of no assistance to the court in this case.  It is irrelevant here whether the claims can be performed by a single actor or by multiple actors because Plaintiff has only alleged that the infringement takes place as a result of the acts of third parties not owned or controlled by Defendant.  Plaintiff has made no allegations whatsoever that Defendant has itself used pop-under advertisements.  To the contrary, Plaintiff has alleged that Defendant supplies servers "which are used for pop-under advertisements, carried out on Defendant's servers including those servers used <u>in conjunction</u> with Defendant's hosting solutions/products." Complaint, ¶ 10.  Plaintiff does not allege that Defendant itself has used the pop-under advertisements, or that Defendant itself has carried out the pop-under advertisements on its servers.  The plain words of the Complaint show only that third-parties, not owned or controlled by the Defendant, have done such acts.

B. **Plaintiff Has Not Sufficiently Alleged Knowledge or Intent and Cannot In Any Case Properly Allege That Hosting Providers Do Not Have Substantial Noninfringing Uses**

Plaintiff argues that this Court's decision in *InMotion v. Imation*, Case No. 2:12-cv-298, 2013 WL 1279055 (E.D. Tex. March 26, 2013) demonstrates that its Complaint adequately

pleads indirect infringement.[1] However, *InMotion* is readily distinguishable from this case. In *InMotion*, this Court denied a defendant's motion to dismiss an indirect infringement claim because the defendant "fail[ed] to adequately invoke Rule 12(b)(6)" by neglecting to identify "which element of which cause of action relating to which asserted patent" had been insufficiently pled. *Id.* at *5. In particular, the Court noted that the defendant "fail[ed] to provide any further reasoning in support of its motion" besides a general citation to the pleading standards discussed in *Twombly*, *Iqbal* and *In re Bill of Lading*. *Id.* With that foundation, the Court held that the plaintiff had adequately pled indirect infringement. *Id.* at *6.

Here, in contrast, Defendant has specifically identified the elements of indirect infringement that Plaintiff has failed to plead. Specifically, Plaintiff has explicitly alleged that Defendant's hosting solutions and products are used by a wide array of "website publishers, ad servers, advertisers, and/or viewers" that make up the backbone of the Internet, but that Defendant is still liable because a single customer is allegedly infringing the asserted patent.

Plaintiff also contends that the statements in paragraph 12 of its Complaint are sufficient to create an inference that Defendant (1) knew about the asserted patent and (2) acted with the specific intent to cause indirect infringement. Response, p. 6-7. Without any factual or legal support, Plaintiff seems to believe that simply because Defendant has customers it is knowingly inducing those customers to infringe a patent which Plaintiff does not allege Defendant knew about prior to the Complaint. However, the Federal Circuit has recently reiterated that induced infringement "requires both knowledge of the existence of the patent and knowledge that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Systems, Inc.*, 2013 WL 3185535 (Fed. Cir. June 25, 2013). A similar requirement exists for contributory

---

[1] Plaintiff also attempts to rely on Form 18 with respect to the indirect and willful infringement claims. However, Form 18 does not apply to such claims. Form 18 is "strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement." *In re Bill of Lading*, 681 F.3d at 1338.

infringement. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1330 (Fed. Cir. 2010) ("[W]e disagree with [Plaintiff's] claim that it need only show that [Defendant] knew of the patent and of the relevant acts, not whether these acts constituted infringement. Our case law is clear that [Plaintiff] must show that [Defendant] knew that the combination for which its components were especially made was both patented and infringing." (internal quotation marks omitted)).

Here, Plaintiff alleges that Defendant was put on notice of the patent through the Complaint. Plaintiff argues that this allegation is sufficient to raise a reasonable inference that Defendant acted with the specific intent to cause indirect infringement. However, a reasonable inference is appropriate where pleaded "facts, when considered in their entirety and in context, lead to [a] common sense conclusion . . . ." *In re Bill of Lading*, 681 F.3d 1323, 1339-43 (Fed. Cir. 2012). A reasonable inference of specific intent to cause indirect infringement cannot be appropriately found where Plaintiff has alleged (1) only post-filing knowledge of the asserted patent, (2) that Defendant offers general-purpose Internet hosting solutions and products, and (3) that only one out of a wide range of customers has infringed the asserted patent. These allegations are simply inadequate. Without facts to support the allegations that Defendant knew of the patent and took specific action towards indirect infringement, the Complaint fails to create a reasonable inference sufficient to support an indirect infringement claim.

C.      **Plaintiff Alleges Nothing to Support Its Claim for Willful Infringement**

Plaintiff's Response fails to identify any pleaded facts supporting its claim of willfulness because there are none. Defendant does not argue that Plaintiff's willfulness allegation fails to satisfy a heightened pleading standard, but that the Complaint is wholly devoid of any facts to support any claim of willful infringement. Plaintiff has not even approached the pleading standard set out by *In re Seagate Tech, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) as detailed in

the Motion because Plaintiff has not alleged that Defendant had knowledge of the asserted patent prior to the filing of the Complaint. Instead, Plaintiff merely implies that Defendant's conduct should be considered willful because Defendant has customers and that Defendant gained knowledge of the patent as a consequence of service of the Complaint. Complaint, ¶ 12. However, it is well settled that a claim for willful infringement may not be based upon post-filing knowledge. *See Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-cv-263, Dkt No. 22 at p. 4 (E.D. Tex. Mar. 27, 2013) ("Absent additional allegations, the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim"); *Solannex Inc. v. MiaSole*, 2011 WL 4021558 at *3 (N.D. Cal. Sept. 9, 2011) (dismissing claim of willful infringement because plaintiff failed to allege defendant "had any pre-suit knowledge of the [patent] or that its conduct rises to the level of 'objective recklessness' required to support an allegation of willful infringement"); *IpVenture, Inc. v. Cellco P'ship*, 2011 WL 207978 at *2 (N.D. Cal. Jan. 21, 2011) (dismissing claim of willful infringement because of failure to allege facts supporting pre-suit knowledge of patents).

**D.    Conclusion**

At best, Plaintiff's Complaint is wholly lacking in any allegations that can support its claims. However, the truth of the matter is even worse for Plaintiff – the Complaint in actuality alleges facts which contradict Plaintiff's claims. Because Plaintiff has not met the requisite pleading standards, its claims, including for direct infringement, contributory infringement, inducement and willful infringement, should be dismissed. Moreover, Plaintiff's requests to delay the determination of these issues should be denied because Plaintiff's allegations are purely speculative at best. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

5
Defendant's Reply Brief in Support of Motion to Dismiss

Dated: August 5, 2013

          Respectfully submitted,

          */s/ Matthew Shayefar*

          Matthew Shayefar (*pro hac vice*)
          Valentin Gurvits (*pro hac vice*)
          Boston Law Group, PC
          825 Beacon Street, Suite 20
          Newton Centre, Massachusetts 02459
          Tel:    (617) 928-1800
          Fax:   (617) 928-1802
          vgurvits@bostonlawgroup.com
          matt@bostonlawgroup.com

          Andrew William Stinson
          State Bar no. 24028013
          Ramey & Flock, P.C.
          100 East Ferguson, Suite 500
          Tyler, Texas 75702
          Tel:    (903) 597-3301
          Fax:   (903) 597-2413
          astinson@rameyflock.com

          ATTORNEYS FOR DEFENDANT
          WZ COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 5, 2013 a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

          */s/ Matthew Shayefar*
          Matthew Shayefar