IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EXITEXCHANGE CORP. a Texas corporation<br>　　　*Plaintiff,*<br><br>　　vs.<br><br>WZ COMMUNICATIONS, INC.<br>　　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:13-cv-00403-JRG<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF EXITEXCHANGE'S SURREPLY
## TO DEFENDANT'S MOTION TO DISMISS

1 - PLAINTIFF EXITEXCHANGE'S SURREPLY
TO DEFENDANTS' MOTION TO DISMISS

I.    **INTRODUCTION**

This matter comes before the Court on the motion of Defendant WZ Communications, Inc. (hereinafter "Defendant") to dismiss the Complaint of Plaintiff ExitExchange Corp. (hereinafter "ExitExchange"). For the reasons set forth below, ExitExchange respectfully submits the motion should be denied.[1]

II.    **PLAINTIFF HAS ADEQUATELY ALLEGED BOTH DIRECT AND INDIRECT INFRINGEMENT BY DEFENDANT**

A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). A complaint is merely required to articulate allegations sufficient to show that the complainant is plausibly entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007) ("[W]e do not require heightened fact pleadings of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

To state a claim of patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *See McZeal*, 501 F.3d 1354, 1357 (Fed. Cir. (S.D. Tex.) 2007) (citing *Twombly*, 550 U.S. at 565 n.10).

Defendant chooses to ignore the factual allegations of ExitExchange's complaint, including in part:

> **9.** The '229 Patent covers systems and methods for providing a type of Internet advertisement commonly known as pop-under advertisements. Pop-under advertisements are advertisements that open behind a browser window. Because the pop-under advertisement is opened behind the web browser, the pop-under advertisement is at least partially obscured by the web browser at the time that it is opened.

---

[1] ExitExchange acknowledges here that it does not seek damages for pre-litigation indirect infringement.

1 - PLAINTIFF EXITEXCHANGE'S SURREPLY
TO DEFENDANTS' MOTION TO DISMISS

> 10. Defendant, directly or through intermediaries, infringed one or more claims of the '229 patent, by or through making, having made, using, importing, providing, supplying, distributing, selling, and/or offering for sale servers running systems or methods, which are used for pop-under advertisement, carried out on Defendant's servers including those servers used in conjunction with Defendant's hosting solutions/products.
>
> 11. Defendant hosts a website http://www.videosexarchive.com/index.php?video=413762 , which will open in a web browser. The resulting pop-under advertisement is at least partially obscured by the web browser. As an example, a link to a resulting pop-under advertisement is at http://www.punishtube.com/?r=ERO_8217_RCPM_POP_US_ . Defendant infringes the '229 Patent by using the systems and methods claimed in the '229 Patent to make, use, sell, or offer to sell pop-under advertisements.
>
> 12. Defendant has infringed the '229 patent, and unless enjoined, will continue to do so by using systems and methods of making pop-under advertisements that infringe the claims of the '229 Patent. In the alternative, Defendant induces infringement or contributes to the infringement of the '229 Patent by website publishers, ad servers, ad networks, advertisers, and/or viewers of the advertisements, with knowledge that its acts are infringing. Such systems and methods have no substantially non-infringing use. Defendant engages in such inducement knowingly and, at least from the time of receipt of the present Complaint, has done so with knowledge that such activity encourages publishers, ad servers, ad networks, advertisers, and/or viewers to directly infringe the '229 patent.

Dkt. 1 (emphasis added).

These allegations go to the heart of how the asserted patent is infringed, both directly and indirectly.

While Defendant insist that ExitExchange misapplies *Twombly* and *Iqbal*, ExitExchange relies on this Court's prior application of this line of cases in patent infringement cases. In particular, this Court has stated:

> "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

*TQP Development, LLC., v. Intuit Inc.*, E.D. Tex. Case No. 2:12-CV-180-JRG-RSP, Docket No. 48., (2013) *citing Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012).

Further, in *InMotion v. Imation*, Case No. 2:12-cv-298, Dkt. No. 20, this Court noted a complaint "must contain facts plausibly showing that [the defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement;" however, these requirements do not mean that a plaintiff "must prove itself at the pleading stage." *InMotion* at 10 (citing *Global-Tech Appliances v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *In re Bill of Lading and Processing System Patent Litigation*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Defendant inexplicably claims "Plaintiff does not allege that Defendant itself has used the pop-under advertisements , or that Defendant itself has carried out the pop-under advertisements on its servers." Dkt. 15, at 2.

This is directly contrary to the allegations of the complaint. ExitExchange plead generally what its patent claims, that Defendant WZ infringes the patent by "making, having made, **using**, importing, providing, supplying, distributing, selling, and/or offering for sale servers running systems or methods, **which are used for pop-under advertisement**, **carried out on Defendant's servers** including those servers used in conjunction with Defendant's hosting solutions/products", and that Defendant WZ indirectly infringes the patent by contributing to or inducing infringement by "by website publishers, ad servers, ad networks, advertisers, and/or viewers of the advertisements". Dkt. 1.

Further, ExitExchange provides a specific example of such infringement.

### III. CONCLUSION

To state a claim of patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. (S.D. Tex.) 2007) (citing *Twombly*, 550 U.S. at 565 n.10).

3 - PLAINTIFF EXITEXCHANGE'S SURREPLY
TO DEFENDANTS' MOTION TO DISMISS

Plaintiff ExitExchange submits that it has adequately pled its claims for relief and respectfully requests that the Court deny the Motion to Dismiss.

                                              Respectfully submitted,

Dated:  August 12, 2013

By: /s/ Elizabeth L. DeRieux
Susan D. Pitchford
(*To Be Admitted Pro Hac Vice*)
Kevin L. Russell
(*To Be Admitted Pro Hac Vice*)
CHERNOFF VILHAUER LLP
601 SW Second Avenue
Suite 1600
Portland, OR 97204
Telephone: (503) 227-5631
Facsimile: (503) 278-4373
Email: sdp@chernofflaw.com
Email: Kevin@chernofflaw.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Jeffrey D. Rambin
State Bar No. 00791478
CAPSHAW DERIEUX, L.L.P.
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com

ATTORNEYS FOR PLAINTIFF
EXITEXCHANGE, CORP.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 12th day of August, 2013, with a copy of this document via electronic mail, facsimile transmission and/or first class mail on this same date.

    /s/ Elizabeth L. DeRieux